## HETRICK v OLES

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 4, 1932

Elmer T. Phillips, Youngstown, for plaintiff in error.

Kenneth Clark, Youngstown, for defendant in error.

POLLOCK, J.

This is the sum of the testimony in the case in regard to the accident. There was some testimony in regard to the injury and the jury returned a verdict in favor of the defendant. So far as any foreign substance being on the floor is concerned, there is a disagreement, dispute between these witnesses. The plaintiff and this witness who went with her both testify there was a foreign substance on the floor, that it was greasy and would cause a person to slip and fall. The other witnesses all testify that there was not anything, except the one witness who says there was a little moisture, but that it was not moisture that would cause one to slip. The jury had this question to determine and they might well have found either way, so far as the direct testimony as to something being on the floor is concerned. This court could not reverse the judgment on the weight of the evidence, but even beyond this there is another proposition, and that is that the defendant was not liable unless the condition on the floor which the plaintiff claimed had continued such a length of time that with ordinary care the owner should have discovered it. There is no testimony as to the length of time. This lady at the cashier box testified she had watched the floor before the accident and there was not anything there, she did not see anything. Mr. Oles testifies that they were using what might be well termed ordinary care to keep his establishment in such condition that no one would be hurt, and we can not say that the judgment is against the weight of the evidence.

There is another error complained of, in the failure to charge. After the court had finished at least the main part of his charge, this appears:

"What do you say, Mr. Phillips?"

This must have been asked by the court.

"Mr. Phillips: Did Your Honor charge that notice to any employes or agents of Mr. Oles would be notice to him?
Court: That is correct."

Now, there is claimed error that the court did not give such a charge to the jury. We have read all that appears in regard to this error. The court did further charge the jury but not upon that subject. Whether the court meant by saying after the attorney had told him what he ought to charge, "That is correct," or not, we do not know, but anyway the plaintiff, through her attorney, was satisfied at that time, without asking the court to give that request any more than his statement, without taking an exception, so there is no reversible error in the charge and the judgment of the court below is affirmed.

ROBERTS and FARR, JJ, concur in the judgment.